Paul N. Philips, Esq., SBN 187928
e-mail: pnp@pnplegal.com
Samantha E. Mirabello, Esq., SBN 325827
e-mail: sm@pnplegal.com
**LAW OFFICES OF PAUL N. PHILIPS, APLC**
468 North Camden Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (323) 813-1126
Facsimile:   (310) 854-6902

Attorneys for Plaintiff MICHAEL STOKES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL STOKES, MICHAEL STOKES A/K/A MIKE STOKES A/K/A MICHAEL STOKES D/B/A WILLOW GIRL MUSIC A/K/A MICHAEL STOKES D/B/A SKYTOWER MUSIC,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, INC.; UNIVERSAL MUSIC DISTRIBUTION; UMG RECORDINGS, INC.; CONCORD MUSIC GROUP, INC.; CONCORD MUSIC PUBLISHING; CRAFT RECORDINGS; THE BICYCLE MUSIC COMPANY, INC.; BIKE MUSIC; KOBALT MUSIC PUBLISHING AMERICA, INC.; KOBALT MUSIC GROUP; KOBALT MUSIC SERVICES | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR TRIAL BY JURY**<br><br>1. COPYRIGHT INFRINGEMENT<br>2. CONVERSION<br>3. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>4. UNFAIR BUSINESS PRACTICES [CAL. *BUS. & PROF. CODE* §17200]<br>5. UNJUST ENRICHMENT<br>6. FINANCIAL ELDER ABUSE [CAL. *WELFARE & INSTITUTIONS CODE* §15610.30]<br>7. ACCOUNTING<br>8. DECLARATORY RELIEF |

| | |
|---|---|
| AMERICA, INC.; WARNER MUSIC GROUP; WARNER/CHAPPELL MUSIC, INC.; SONY MUSIC ENTERTAINMENT; SONY/ATV MUSIC PUBLISHING GROUP, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

    **COMES NOW** Plaintiff MICHAEL STOKES ("Mr. Stokes"), and asserts his Claims and Causes of Action against the parties named herein as Defendants as follows:

    1.    Mr. Stokes asserts the within claims against Universal Music Group, Inc., Universal Music Distribution, UMG Recordings, Inc. (collectively " Defendants Universal"), Concord Music Group, Inc., Concord Music Publishing, Craft Recordings (collectively "Defendants Concord"), The Bicycle Music Company, Inc., Bike Music (collectively "Defendants Bicycle"), Kobalt Music Publishing America, Inc., Kobalt Music Group, Kobalt Music Services America, Inc. (collectively "Defendants Kobalt"), Warner Music Group, Warner/Chappell Music, Inc. (collectively "Defendants Warner"), Sony Music Entertainment, and Sony/ATV Music Publishing Group (collectively "Defendants Sony");

## PARTIES

    2.    Mr. Stokes resides in the County of Los Angeles within the Central District of the State of California;

    3.    Defendants Universal, Defendants Concord, Defendants Bicycle, Defendants Kobalt, Defendants Warner, and Defendants Sony all maintain systematic contacts with, and do substantial business in the County of Los Angeles, Central District of the State of California;

////

////

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

**JURISDICTION AND VENUE**

4. Jurisdiction of the claims made herein arises under the copyright laws of the United States as set forth in the Copyright Act, 17 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question);

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1392(b)(2) in that a substantial portion of the events giving rise to the claims occurred in this Judicial District;

**FACTS COMMON TO ALL COUNTS**

6. Michael Stokes is a multi-Grammy-nominated music producer, composer, writer, musician, and music publisher who has at times herein relevant done business as Michael Stokes, Mike Stokes, Michael Stokes d/b/a Willow Girl Music, and Michael Stokes d/b/a Skytower Music;

7. Mr. Stokes has composed, written, produced, and arranged for world-renowned acts including but not limited to Tina Turner, Whitney Houston, Prince, Quincy Jones, Earth Wind & Fire, Merle Haggard, Color Me Bad, Mavis Staples, Patti Labelle, Janet Jackson, Herb Alpert, Smokey Robinson, Booker T., Magic Lady, Little Richard, Big Daddy Kane, Sticky Fingaz, Marilyn McCoo, Billy Davis, Jr., Morris Day, Jesse Powell, Enchantment, and Keith Barrow, among others. In addition to his vast musical pursuits, Mr. Stokes has also taken on active political and social roles, including having been intimately involved in Nancy Reagan's "Just Say No" anti-drug campaign (having co-written the song "Stop the Madness");

8. Works representing the original creation of Mr. Stokes have been released on labels including but not limited to MCA Records, Columbia, A&M Records, Giant Records, Paisley Park, Warner Bros. Records, Sussex, United Artists Records, Arista, Motown, Atlantic, Capitol Records, Reprise Records, and Universal Records, and have been widely distributed by numerous physical and digital distributors since the early 1970s;

3

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

9. Mr. Stokes' original musical works have enjoyed massive success and notoriety, and have been extensively sampled and otherwise licensed for use by several popular artists. By way of example, artists whose works sample or otherwise use Mr. Stokes' creations include but are not limited to Rick Ross, Jay-Z, Ne-Yo, LL Cool J, Kendrick Lamar, Wiz Khalifa, French Montana, The Game, G-Unit, and Lil' Wayne;

10. In or about 2010, Mr. Stokes suffered a stroke that incapacitated him and rendered him unable to manage or supervise the musical empire he had created over the course of several decades. Specifically, his medical condition left him unable to engage in the business of creating or monetizing music, and likewise unable to monitor the various uses to which his musical works were being put. During the period of Mr. Stokes' incapacity as such, on information and belief, Mr. Stokes' name was forged on several chain of title documents, his copyrights and related interests thereby being effectively stolen from him, creating the false impression that Mr. Stokes' copyrights and attendant rights in his music catalogs had been transferred to the former Music Publishing Company of America (hereafter "MPCA");

11. On information and belief, MPCA thereafter sold, conveyed, or otherwise transferred to Defendants Bicycle certain of their unlawfully-held rights in Mr. Stokes' music catalogs, as identified at least in part by copyright registrations in the works set forth in Exhibit A hereto. For some time thereafter, on information and belief, Defendants Bicycle earned substantial income on copyright and attendant rights Defendants Bicycle unlawfully held in those works. On further information and belief, Defendants Bicycle were absorbed in some fashion by Defendants Kobalt and Defendants Concord, which therefore also wrongfully earned substantial income on copyright and attendants rights they unlawfully held in those works;

12. Defendants Universal, Defendants Warner, and Defendants Sony are believed and alleged to have occupied, at all times herein relevant, distribution and/or publishing relationships with certain of their co-Defendants, *to wit*, on information and belief, Defendants Bicycle, Defendants Kobalt, and Defendants Concord. In the

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

course of those relationships, on information and belief, Defendants Universal, Defendants Warner, and Defendants Sony wrongfully accepted income arising from Mr. Stokes' copyright and attendant interests, and made payments to Defendants Bicycle, Defendants Kobalt, and Defendants Concord on income arising from Mr. Stokes' copyright and attendant interests.  On further information and belief, all Defendants have been placed on specific notice that Mr. Stokes' copyright and attendant interests were stolen and/or otherwise unlawfully exploited, and that Mr. Stokes was and has always been the rightful owner of all income interests unlawfully assumed by said Defendants.  Despite that knowledge, and despite Mr. Stokes' demands that Defendants cease accepting income arising from his copyright and attendant interests, and that they cease making payments to their co-Defendants or to anyone, Defendants have continued to accept income arising from Mr. Stokes' interests, and have continued to make unlawful payments to their co-Defendants, and not to Mr. Stokes;

13.     As to Defendants Universal specifically, said Defendants not only unlawfully made payments to their co-Defendants on Mr. Stokes' copyright and attendant interests, and not to Mr. Stokes, but Defendants Universal also actively concealed from Mr. Stokes their actual knowledge that their co-Defendants were not entitled to said payments, and that Mr. Stokes was the rightful owner of the subject copyright interests and of all income interests arising therefrom.  Only by reason of accidental discovery, and to the chagrin of Defendants Universal, did Mr. Stokes learn that Defendants Universal had been concealing from Mr. Stokes the known unlawful nature of their payments to their co-Defendants;

14.     On information and belief, all Defendants have in some manner knowingly and willfully infringed upon Mr. Stokes' copyright interests in his musical works by misappropriating, unlawfully licensing, copying, selling, and otherwise exploiting said works for their financial gain, all to Mr. Stokes' damage;

15.     As a result of the foregoing, Mr. Stokes has been severely damaged in his

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

pecuniary and other interests, and seeks, *inter alia*, an accounting of all sums accepted and paid with any regard to his rightful copyright interests in his music catalog;

16. On information and belief, certain of the Defendants have conceded and admitted their wrongdoing, but have still failed to compensate Mr. Stokes;

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
(As Against All Defendants)

17. Mr. Stokes incorporates paragraphs 1 through 16 above as though fully set forth herein in form and substance;

18. The songs at issue herein have been duly registered with the U.S. Copyright Office. Each such song is a work of original creative expression and constitutes all or in part the property of Mr. Stokes, and not rightfully the property of the Defendants. All legal copies, or derivatives thereof, are produced either directly by Mr. Stokes or, in the alternative, are under his authority or license. All such works have been published in conformity with the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*;

19. Defendants had at all times herein relevant ready and easy access to Mr. Stokes' works as alleged herein;

20. Defendants have infringed upon Mr. Stokes' copyright interests in works of original expression as alleged herein by, *inter alia*, knowingly and willfully misappropriating, unlawfully licensing, copying, selling, and otherwise exploiting said works for their financial gain;

21. Defendants' conduct infringes Mr. Stokes' rights in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*;

22. As a direct and proximate result of Defendants' wrongful acts alleged above, Mr. Stokes has been damaged, and Defendants have been unjustly enriched, in amounts to be determined at trial. Alternatively, Mr. Stokes may elect to seek statutory damages of $150,000 per willful infringement pursuant to 17 U.S.C. §

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

504(c);

23.  As a direct and proximate result of Defendants' wrongful acts alleged above, Mr. Stokes has suffered, and continues to suffer, irreparable harm and injury for which there is no adequate remedy at law.  Mr. Stokes is informed and believes, and thereon alleges, that Defendants' copyright infringement will continue unless enjoined by this Court;

## SECOND CAUSE OF ACTION
## CONVERSION
(As Against All Defendants)

24.  Mr. Stokes incorporates paragraphs 1 through 23 as though fully set forth herein in form and substance;

25.  Mr. Stokes had, at all times herein relevant, a right to possess those funds and property in sums known to Defendants, who as of the filing hereof wrongfully have and maintain such possession, and who wrongfully refuse to account to Mr. Stokes as to the amounts unlawfully held and maintained;

26.  Defendants, by reason of their wrongful conduct as alleged herein, have intentionally and substantially interfered with Mr. Stokes' right to possession by: (a) taking funds and property from Mr. Stokes; (b) preventing Mr. Stokes from gaining access to the funds and property, and (c) refusing to return said funds and property to Mr. Stokes despite Mr. Stokes' demand for the same;

27.  At no time did Mr. Stokes consent to Defendants' taking or their refusal to return or grant Plaintiff access to the funds and property herein described, nor would Plaintiff have ever so consented;

28.   As a direct and proximate result of the conduct of Defendants as herein alleged, all of which was a substantial factor in damaging Mr. Stokes, Mr. Stokes was in fact damaged severely in sums according to proof at the time of trial;

29.  The conduct of Defendants was knowing, willful, and purposefully designed to damage and injure Mr. Stokes in his personal and business interests, and in

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

undertaking said conduct Defendants acted in depraved and malicious manners in complete disregard for the rights of Mr. Stokes, and in purposeful derogation of Mr. Stokes' financial and other interests. By reason of said conduct, Mr. Stokes is entitled to an award of exemplary damages in amounts sufficient to punish and make an example of Defendants and each of them;

## THIRD CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
(As Against All Defendants)

30.     Mr. Stokes incorporates paragraphs 1 through 29 as though fully set forth herein in form and substance;

31.     At times herein relevant, Mr. Stokes possessed certain copyright, publishing, and other business interests flowing from his rightful ownership of, *inter alia*, his music catalog. Mr. Stokes also possessed certain business contacts, business relations, and goodwill that respectively and collectively formed and developed economic relationships between himself and others that were likely to result in substantial economic benefit to Mr. Stokes in relation to the management, publishing, licensing, and other exploitation of his catalog of original musical works;

32.     Defendants and each of them knew of Mr. Stokes' economic relationships, knew of his copyright and attendant income rights flowing therefrom, and knew that said relationship and rights were likely to result in substantial future economic benefit to Mr. Stokes;

33.     By reason of engaging in the intentional conduct herein alleged, and additionally in, *inter alia*, (a) infringing upon Mr. Stokes' copyright and attendant interests, (b) undermining Mr. Stokes' efforts to preserve the economic business relationships and goodwill he spent decades forming and developing, and (c) concealing from Plaintiff facts directly relevant to his copyright interests and to the unlawful use and exploitation of those interests, Defendants and each of them intended

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

to disrupt Mr. Stokes' economic relationships and his right and entitlement to earn an income flowing from his rightful copyright interests in the songs at issue in this litigation, including without limitation his right to form contracts for the use and exploitation of the songs. In fact, Defendants knew that their conduct was virtually certain to disrupt said relationships, and that said disruption was certain to cause Plaintiff severe and permanent damage in his personal and other interests;

34. As a direct and proximate result of the conduct of Defendants as herein alleged, all of which was a substantial factor in damaging Mr. Stokes, Mr. Stokes was in fact damaged severely in sums according to proof at the time of trial;

35. The conduct of Defendants was knowing, willful, and purposefully designed to damage and injure Mr. Stokes in his personal and business interests, and in undertaking said conduct Defendants acted in depraved and malicious manners in complete disregard for the rights of Mr. Stokes, and in purposeful derogation of Mr. Stokes' financial and other interests. By reason of said conduct, Mr. Stokes is entitled to an award of exemplary damages in amounts sufficient to punish and make an example of Defendants and each of them;

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES (Cal. *Bus. & Prof. Code* § 17200, et seq.)

(As Against All Defendants)

36. Mr. Stokes incorporates paragraphs 1 through 35 as though fully set forth herein in form and substance;

37. Defendants' acts as alleged herein together and separately constitute unlawful, unfair, and/or fraudulent business practices within the meaning of section 17200 of the California *Business & Professions Code*, in that said acts violate applicable law and public policy;

38. On information and belief, Defendants maintain an ongoing business practice of implementing the conduct herein alleged, for commercial gain and without the consent of those they are intending to damage and are in fact damaging, including

without limitation wrongfully misappropriating copyright and other interests from valid copyright holders, believing the copyright holders will not have the financial means and wherewithal to undertake a legal battle to recover the same;

39. As a direct and proximate result of Defendants' conduct, Mr. Stokes was damaged in his personal and business financial and other interests, and is entitled to, among other things, a declaration that Defendants' conduct is unlawful and egregious, and is entitled to preliminary and permanent injunctive relief. Mr. Stokes is likewise entitled to disgorgement of Defendants' profits received as ill-gotten gains;

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
(As Against All Defendants)

40. Mr. Stokes incorporates paragraph 1 through 39 as though fully set forth herein in form and substance;

41. Defendants were unjustly enriched by misappropriating Mr. Stokes' work, licensing the same for their own commercial gain, and, on information and belief, unlawfully exploiting Mr. Stokes' copyright and attendant interests;

42. Because it would be unjust for Defendants to retain any money derived from the misappropriation of Mr. Stokes' original works, Mr. Stokes is entitled to disgorgement of all profits earned by Defendants and each of them by virtue of their wrongful use and exploitation of said works;

## SIXTH CAUSE OF ACTION
## FINANCIAL ELDER ABUSE (Cal. *Welfare & Institutions Code* §15610.30)
(As Against All Defendants)

43. Mr. Stokes incorporates paragraphs 1 through 42 as though fully set forth herein in form and substance;

44. Mr. Stokes was at times herein relevant a person over 65 years of age living in California, and therefore qualifies as an "elder" pursuant to California *Welfare & Institutions Code* section 15610.27;

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

45. At times relevant, by reason of the conduct alleged herein, Defendants and each of them wrongfully obtained, maintained, exploited, and profited from the copyrights and attendant rights and funds belonging to Mr. Stokes, all in violation of California's Elder Abuse and Dependent Adult Civil Protection Act;

45. Specifically, Defendants and each of them were aware at all times herein relevant that Mr. Stokes was an elder within the meaning of the law. Defendants were also aware and were on notice that the copyrights and attendant rights Defendants exploited, and the funds Defendants were receiving as a result of said exploitation, belonged to Mr. Stokes and not to Defendants. Despite said awareness and notice, Defendants and each of them have continued to exploit Mr. Stokes's legal interests, and have continued to collect and retain sums due to Mr. Stokes, and have continued to wrongfully direct to parties other than Mr. Stokes funds Defendants are aware belong not to said parties but to Mr. Stokes;

46. By reason of the facts alleged herein, Defendants and each of them secreted, appropriated, obtained, and/or retained property for a wrongful use aimed at depriving Mr. Stokes of said property, all in violation of the law;

48. Defendants and each of them knew their conduct alleged herein was wrongful and stood to substantially damage Mr. Stokes in his pecuniary and other rights, while simultaneously earning Defendants substantial profits;

49. As a direct and proximate result of the conduct of Defendants and each of them in violation of California *Welfare & Institutions Code* sections15610.30, *et seq.*, Mr. Stokes has sustained severe financial and other damages in amounts according to proof, including at least compensatory damages and attorney fees;

50. Defendants' conduct as herein alleged was so depraved and malicious, and so driven by Defendants' desire to profit and to benefit themselves to the exclusion of Plaintiff, and was so directed at damaging Plaintiff in his legal and other rights, as to justify an award of an award of treble damages and/or an award of punitive damages against Defendants and each of them in amounts sufficient to punish and make an

example of Defendants;

## SEVENTH CAUSE OF ACTION
## ACCOUNTING
(As Against All Defendants)

51.     Mr. Stokes incorporates paragraphs 1 through 50 as though fully set forth herein in form and substance;

52.     At times herein relevant, Defendants and each of them have owed and still owe Mr. Stokes certain income, including without limitation royalties and other funds, based on Mr. Stokes' ownership and other rights in the songs at issue herein. Defendants and each of them maintain exclusive control of the sums collected, paid, and owed to Plaintiff, and have denied Mr. Stokes access to an accounting of such funds.  As such, the balance due Mr. Stokes can only be ascertained by an accounting;

## EIGHTH CAUSE OF ACTION
## DECLARATORY RELIEF
(As Against All Defendants)

53.     Mr. Stokes incorporates paragraphs 1 through 52 as though fully set forth herein in form and substance;

54.     An actual and immediate controversy has arisen and now exists as between Mr. Stokes and the Defendants regarding the ownership of and entitlement to certain benefits derived from the copyright and other interests at issue as alleged herein;

55.     Mr. Stokes seeks judicial declarations of his rights in and to the songs at issues herein, including without limitation ownership and income rights flowing from the copyrights in the subject musical works;

56.     The judicial declarations sought hereby are necessary and appropriate in order that the parties may ascertain their legal rights and obligations to one another, and also in order that they may avoid the hardships to be inflicted upon them by a protracted legal dispute;

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

# PRAYER FOR RELIEF

WHEREFORE, Mr. Stokes prays for Judgment against all Defendants as follows:

1. For a judicial determination and Declaration to the effect that the Defendants have willfully infringed the copyrighted works alleged herein, in violation of the *Copyright Act*;

2. For a judicial determination and Declaration to the effect that the Defendants are directly, vicariously, and or contributorily liable for copyright infringement as alleged herein, as may be applicable;

3. For permanent injunctions prohibiting the Defendants and their agents, employees, servants, officers, attorneys, successors in interest, licensees, partners, assigns, and all persons acting in concert with the foregoing, or at their direction or behest, and each and all of them, from directly and/or indirectly causing, enabling, facilitating, permitting, encouraging, promoting, inducing, and/or participating in the infringement of any right enjoyed and/or owned by Mr. Stokes and protected by the *Copyright Act*;

4. For permanent injunctions prohibiting the Defendants and their agents, employees, servants, officers, attorneys, successors in interest, licensees, partners, assigns, and all persons acting in concert with the foregoing, or at their direction or behest, and each and all of them, from directly and/or indirectly collecting any funds deriving from or arising in any manner related to any right enjoyed and/or owned by Mr. Stokes and protected by the *Copyright Act*;

5. For permanent injunctions prohibiting the Defendants and their agents, employees, servants, officers, attorneys, successors in interest, licensees, partners, assigns, and all persons acting in concert with the foregoing, or at their direction or behest, and each and all of them, from diverting to any party other than Mr. Stokes any funds deriving from or arising in any manner related to any right enjoyed and/or

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY

owned by Mr. Stokes and protected by the *Copyright Act*;

6. An award of damages against Defendants pursuant to 17 *United States Code* section 504(b), including actual damages and disgorgement of profits reaped by the aforementioned Defendants, or alternatively for an award of $150,000 per infringement pursuant to 17 *United States Code* section 504(c);

7. On each Cause of Action, compensatory and special damages according to proof offered and made at the time of trial;

8. On each Cause of Action upon which punitive damages are legally allowable, an award of punitive damages sufficient to punish and make an example of the Defendants;

9. On each Cause of Action upon which treble damages are legally allowable, an award of treble damages;

10. An award of attorney fees and costs pursuant to 17 *United States Code* section 505 and all other applicable law;

11. An award of attorney fees and costs pursuant to California *Welfare & Institutions Code* section 15657.5;

12. For pre-judgment and post-judgment interest on all damages awarded;

13. For costs of suit as may be legally allowable;

14. For such other and further relief as this Court may deem to be just and proper.

**LAW OFFICES OF PAUL N. PHILIPS, APLC**

Dated:  January 14, 2020        By:    /s/ Paul N. Philips
                                        PAUL N. PHILIPS, ESQ.
                                        Attorneys for Plaintiff
                                        MICHAEL STOKES

////

////

## JURY DEMAND

Mr. Stokes hereby demands trial of the within action by jury.

**LAW OFFICES OF PAUL N. PHILIPS, APLC**

Dated: January 14, 2020     By:   /s/ Paul N. Philips
                                   PAUL N. PHILIPS, ESQ.
                                   Attorneys for Plaintiff
                                   MICHAEL STOKES

COMPLAINT FOR DAMAGES;
DEMAND FOR TRIAL BY JURY