Paul N. Philips, Esq., SBN 187928
*e-mail: pnp@pnplegal.com*
Samantha E. Mirabello, Esq., SBN 325827
*e-mail: sm@pnplegal.com*
**LAW OFFICES OF PAUL N. PHILIPS, APLC**
468 North Camden Drive, Suite 200
Beverly Hills, California 90210
Telephone:   (323) 813-1126
Facsimile:    (310) 854-6902

Attorneys for Plaintiff MICHAEL STOKES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL STOKES, MICHAEL STOKES A/K/A MIKE STOKES A/K/A MICHAEL STOKES D/B/A WILLOW GIRL MUSIC A/K/A MICHAEL STOKES D/B/A SKYTOWER MUSIC,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, INC.; UNIVERSAL MUSIC DISTRIBUTION; UMG RECORDINGS, INC.; CONCORD MUSIC GROUP, INC.; CONCORD MUSIC PUBLISHING; CRAFT RECORDINGS; THE BICYCLE MUSIC COMPANY, INC.; BIKE MUSIC; KOBALT MUSIC PUBLISHING AMERICA, INC.; KOBALT MUSIC GROUP; KOBALT MUSIC SERVICES | CASE NO.: 2:20-CV-00370 CJC (MRWx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR TRIAL BY JURY**<br><br>1.  CONVERSION<br>2.  UNFAIR BUSINESS PRACTICES [CAL. *BUS. & PROF. CODE* §17200]<br>3.  FINANCIAL ELDER ABUSE [CAL. *WELFARE & INSTITUTIONS CODE* §15610.30]<br>4.  ACCOUNTING<br>5.  DECLARATORY RELIEF |

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

AMERICA, INC.; WARNER                )
MUSIC GROUP;                         )
WARNER/CHAPPELL MUSIC,               )
INC.; SONY MUSIC                     )
ENTERTAINMENT; SONY/ATV              )
MUSIC PUBLISHING GROUP,              )
                                     )
      Defendants.                 )
                                     )

**COMES NOW** Plaintiff MICHAEL STOKES ("Mr. Stokes"), and asserts his Claims and Causes of Action against the parties named herein as Defendants as follows:

1.    Mr. Stokes asserts the within claims against Universal Music Group, Inc., Universal Music Distribution, UMG Recordings, Inc. (collectively " Defendants Universal"), Warner/Chappell Music, Inc. ("Defendant Warner"), Sony Music Entertainment, and Sony/ATV Music Publishing Group (collectively "Defendants Sony");

## PARTIES

2.    Mr. Stokes resides in the County of Los Angeles within the Central District of the State of California;

3.    Defendants Universal, Defendant Warner, and Defendants Sony all maintain systematic contacts with, and do substantial business in the County of Los Angeles, Central District of the State of California;

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332 in that diversity exists as between and among the parties, and the amount in controversy exceeds $75,000;

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial portion of the events giving rise to the claims occurred in this Judicial District;

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

LAW OFFICES OF PAUL N. PHILIPS, APLC

# FACTS COMMON TO ALL COUNTS

6.      Michael Stokes is a multi-Grammy-nominated music producer, composer, writer, musician, and music publisher who has at times herein relevant done business as Michael Stokes, Mike Stokes, Michael Stokes d/b/a Willow Girl Music, and Michael Stokes d/b/a Skytower Music;

7.      Mr. Stokes has composed, written, produced, and arranged for world-renowned acts including but not limited to Tina Turner, Whitney Houston, Prince, Quincy Jones, Earth Wind & Fire, Merle Haggard, Color Me Bad, Mavis Staples, Patti Labelle, Janet Jackson, Herb Alpert, Smokey Robinson, Booker T., Magic Lady, Little Richard, Big Daddy Kane, Sticky Fingaz, Marilyn McCoo, Billy Davis, Jr., Morris Day, Jesse Powell, Enchantment, and Keith Barrow, among others.  In addition to his vast musical pursuits, Mr. Stokes has also taken on active political and social roles, including having been intimately involved in Nancy Reagan's "Just Say No" anti-drug campaign (having co-written the song "Stop the Madness");

8.      Works representing the original creation of Mr. Stokes have been released on labels including but not limited to MCA Records, Columbia, A&M Records, Giant Records, Paisley Park, Warner Bros. Records, Sussex, United Artists Records, Arista, Motown, Atlantic, Capitol Records, Reprise Records, and Universal Records, and have been widely distributed by numerous physical and digital distributors since the early 1970s;

9.      Mr. Stokes' original musical works have enjoyed massive success and notoriety, and have been extensively sampled and otherwise licensed for use by several popular artists.  By way of example, artists whose works sample or otherwise use Mr. Stokes' creations include but are not limited to Rick Ross, Jay-Z, Ne-Yo, LL Cool J, Kendrick Lamar, Wiz Khalifa, French Montana, The Game, G-Unit, and Lil' Wayne;

10.     In or about 2010, Mr. Stokes suffered a stroke that incapacitated him and rendered him unable to manage or supervise the musical empire he had created over the course of several decades.  Specifically, his medical condition left him unable to

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

LAW OFFICES OF PAUL N. PHILIPS, APLC

engage in the business of creating or monetizing music, and likewise unable to monitor the various uses to which his musical works were being put.  During the period of Mr. Stokes' incapacity as such, on information and belief, Mr. Stokes' name was forged on several chain of title documents, his copyrights and related interests thereby being effectively stolen from him, creating the false impression that Mr. Stokes' copyrights and attendant rights in his music catalogs had been transferred to Music Publishing Company of America (hereafter "MPCA"), which by all accounts is no longer in existence;

11.    On information and belief, MPCA thereafter sold, conveyed, or otherwise transferred to The Bicycle Music Company, Inc. and its affiliates, successors, and predecessors, including without limitation Concord Music Group, Concord Music Publishing, and Craft Recordings, certain of their unlawfully-held rights in Mr. Stokes' music catalogs, which catalogs belong to Mr. Stokes by virtue of his having written the songs comprising the catalogs, and also by virtue of his having self-published the catalogs.  For some time thereafter, on information and belief, The Bicycle Music Company, Inc. and its affiliates and predecessors collected substantial income deriving from Mr. Stokes' music catalogs, as did the Defendants herein.  On further information and belief, the Bicycle companies were ultimately absorbed in some fashion by Concord Music Group, Inc.;

12.    Defendants Universal, Defendant Warner, and Defendants Sony are believed and alleged to have occupied, at all times herein relevant, distribution and/or publishing relationships with The Bicycle Music Company, Inc., Concord Music Group, Concord Music Publishing, Craft Recordings, and others.  In the course of those relationships, on information and belief, Defendants Universal, Defendant Warner, and Defendants Sony wrongfully accepted income arising from Mr. Stokes' music catalogs, and made payments to The Bicycle Music Company, Inc. and its affiliates, successors, and predecessors on income arising from said catalogs.  On further information and belief, all Defendants have been placed on specific notice that

Mr. Stokes' copyright and attendant interests were stolen and/or otherwise unlawfully exploited, and that Mr. Stokes was and has always been the rightful owner of all income interests arising from his music catalogs.  Despite that knowledge, and despite Mr. Stokes' demands that Defendants cease collecting income arising from his music catalogs, and that they cease making all royalty and other payments arising from Mr. Stokes' catalogs to  anyone other than Mr. Stokes, Defendants have continued to collect income arising from Mr. Stokes' music catalogs, and have continued to make unlawful payments to entities and/or persons other than Mr. Stokes;

13.    As to Defendants Universal specifically, said Defendants not only unlawfully paid royalties and other income belonging to Mr. Stokes to persons and/or entities other than Mr. Stokes, but Defendants Universal also actively concealed from Mr. Stokes their actual knowledge that those to whom Defendants Universal had been making payments were not entitled to said payments, and that Mr. Stokes was the rightful owner of the music catalogs and all income arising therefrom.  Only by reason of accidental discovery, and to the chagrin of Defendants Universal, did Mr. Stokes learn that Defendants Universal had been concealing from Mr. Stokes the known unlawful nature of their payments to their co-Defendants;

14.    On information and belief, all Defendants have in some manner collected and retained funds, and continue to retain funds, belonging to Mr. Stokes arising from his music catalogs, all to Mr. Stokes' damage;

15.    As a result of the foregoing, Mr. Stokes has been severely damaged in his pecuniary and other interests, and seeks, *inter alia*, an accounting of all sums accepted and paid with any regard to his rightful interests arising from his music catalogs;

16.    On information and belief, certain of the Defendants have conceded and admitted their wrongdoing, but have still failed to compensate Mr. Stokes;

////

////

////

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

# FIRST CAUSE OF ACTION

## CONVERSION

(As Against Defendants Universal, Defendant Warner, and Defendants Sony)

17.    Mr. Stokes incorporates paragraphs 1 through 16 as though fully set forth herein in form and substance;

18.    Mr. Stokes had, at all times herein relevant, a right to possess certain funds in the form of royalties and other income, including without limitation licensing income, arising from his music catalogs, in amounts known to Defendants. Defendants, as record labels and publishers, unlawfully collected and retained said funds.  On information and belief, Defendants have and maintain such possession, and wrongfully refuse to account to Mr. Stokes as to the amounts unlawfully held and maintained;

19.    Defendants, by reason of their wrongful conduct as alleged herein, *to wit*, unlawfully collecting and retaining Mr. Stokes' royalties and other income as herein alleged without legal right, have intentionally and substantially interfered with Mr. Stokes' right to possession by: (a) taking funds from Mr. Stokes; (b) preventing Mr. Stokes from gaining access to the funds and property, and (c) refusing to return said funds and property to Mr. Stokes despite Mr. Stokes' demand for the same;

20.    At no time did Mr. Stokes consent to Defendants' taking or their refusal to return or grant Plaintiff access to the funds herein described, nor would Plaintiff have ever so consented;

21.     As a direct and proximate result of the conduct of Defendants as herein alleged, all of which was a substantial factor in damaging Mr. Stokes, Mr. Stokes was in fact damaged severely in sums according to proof at the time of trial;

22.    The conduct of Defendants was knowing, willful, and purposefully designed to damage and injure Mr. Stokes in his personal and business interests, and in undertaking said conduct Defendants acted in depraved and malicious manners in complete disregard for the rights of Mr. Stokes, and in purposeful derogation of Mr.

LAW OFFICES OF PAUL N. PHILIPS, APLC

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

Stokes' financial and other interests.  By reason of said conduct, Mr. Stokes is entitled to an award of exemplary damages in amounts sufficient to punish and make an example of Defendants and each of them

## SECOND CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES (Cal. *Bus. & Prof. Code* § 17200, et seq.)

(As Against Defendants Universal, Defendant Warner, and Defendants Sony)

23.     Mr. Stokes incorporates paragraphs 1 through 22 as though fully set forth herein in form and substance;

24.     Defendants' acts as alleged herein together and separately constitute unlawful, unfair, and/or fraudulent business practices within the meaning of section 17200 of the California *Business & Professions Code*, in that said acts violate applicable law and public policy;

25.     On information and belief, Defendants maintain an ongoing business practice of implementing the conduct herein alleged, for commercial gain and without the consent of those they are intending to damage and are in fact damaging, including without limitation wrongfully misappropriating funds in the manners herein alleged, believing the rightful owners will not have the financial means and wherewithal to undertake a legal battle to recover the same;

26.     As a direct and proximate result of Defendants' conduct, Mr. Stokes was damaged in his personal and business financial and other interests, and is entitled to, among other things, a declaration that Defendants' conduct is unlawful and egregious, and is entitled to preliminary and permanent injunctive relief.  Mr. Stokes is likewise entitled to disgorgement of Defendants' profits received as ill-gotten gains;

## THIRD CAUSE OF ACTION

## FINANCIAL ELDER ABUSE (Cal. *Welfare & Institutions Code* §15610.30)

(As Against Defendants Universal, Defendant Warner, and Defendants Sony)

27.     Mr. Stokes incorporates paragraphs 1 through 26 as though fully set forth

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

LAW OFFICES OF PAUL N. PHILIPS, APLC

herein in form and substance;

28.    Mr. Stokes was at times herein relevant a person over 65 years of age living in California, and therefore qualifies as an "elder" pursuant to California *Welfare & Institutions Code* section 15610.27;

29.    At times relevant, by reason of the conduct alleged herein, Defendants and each of them wrongfully collected and retained funds including royalties and other income belonging to Mr. Stokes, all in violation of California's *Elder Abuse and Dependent Adult Civil Protection Act*;

30.    Specifically, Defendants and each of them were aware at all times herein relevant that Mr. Stokes was an elder within the meaning of the law.  Defendants were also aware and were on notice that the funds Defendants were collecting and retaining belonged to Mr. Stokes and not to Defendants or anyone else.  Despite said awareness and notice, Defendants and each of them have continued to deny Mr. Stokes's legal interests, and have continued to collect and retain sums due to Mr. Stokes, and have continued to wrongfully direct to parties other than Mr. Stokes funds Defendants are aware belong not to said parties but to Mr. Stokes;

31.    By reason of the facts alleged herein, Defendants and each of them secreted, appropriated, obtained, and/or retained the funds alleged herein for a wrongful use aimed at depriving Mr. Stokes of said funds, all in violation of the law;

32.    Defendants and each of them knew their conduct alleged herein was wrongful and stood to substantially damage Mr. Stokes in his pecuniary and other rights, while simultaneously earning Defendants substantial profits;

33.    As a direct and proximate result of the conduct of Defendants and each of them in violation of California *Welfare & Institutions Code* sections 15610.30, *et seq.*, Mr. Stokes has sustained severe financial and other damages in amounts according to proof, including at least compensatory damages and attorney fees;

34.    Defendants' conduct as herein alleged was so depraved and malicious, and so driven by Defendants' desire to profit and to benefit themselves to the exclusion

LAW OFFICES OF PAUL N. PHILLIPS, APLC

8

of Plaintiff, and was so directed at damaging Plaintiff in his legal and other rights, as to justify an award of an award of treble damages and/or an award of punitive damages against Defendants and each of them in amounts sufficient to punish and make an example of Defendants;

## FOURTH CAUSE OF ACTION
## ACCOUNTING

(As Against Defendants Universal, Defendant Warner, and Defendants Sony)

35. Mr. Stokes incorporates paragraphs 1 through 34 as though fully set forth herein in form and substance;

36. By reason of the facts alleged herein, Defendants created circumstances under which an accounting by Defendants to Mr. Stokes is required to inform Mr. Stokes of the amount and value of funds wrongfully collected by Defendants and either retained by Defendants or wrongfully directed to parties other than Mr. Stokes;

36. At times herein relevant, Defendants and each of them have owed and still owe a balance to Mr. Stokes as alleged herein, including without limitation a balance comprised of royalties and other funds, which balance amount can only be determined by an accounting;

37. Defendants and each of them maintain exclusive control of the sums collected, paid, and owed to Plaintiff, and have denied Mr. Stokes access to an accounting of such funds;

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF

(As Against Defendants Universal, Defendant Warner, and Defendants Sony)

38. Mr. Stokes incorporates paragraphs 1 through 37 as though fully set forth herein in form and substance;

39. An actual and immediate controversy has arisen and now exists as between Mr. Stokes and the Defendants regarding the possession of and entitlement to funds derived from Mr. Stokes' music catalogs;

LAW OFFICES OF PAUL N. PHILIPS, APLC

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

40.     Mr. Stokes seeks judicial declarations of his rights to income driving from his music catalog, including without limitation royalties;

41.     The judicial declarations sought hereby are necessary and appropriate in order that the parties may ascertain their legal rights and obligations to one another, and also in order that they may avoid the hardships to be inflicted upon them by a protracted legal dispute;

## PRAYER FOR RELIEF

WHEREFORE, Mr. Stokes prays for Judgment against all Defendants as follows:

1.     For permanent injunctions prohibiting the Defendants and their agents, employees, servants, officers, attorneys, successors in interest, licensees, partners, assigns, and all persons acting in concert with the foregoing, or at their direction or behest, and each and all of them, from directly and/or indirectly collecting any funds due to Mr. Stokes deriving from or arising in any manner related his music catalogs;

2.     For permanent injunctions prohibiting the Defendants and their agents, employees, servants, officers, attorneys, successors in interest, licensees, partners, assigns, and all persons acting in concert with the foregoing, or at their direction or behest, and each and all of them, from diverting to any party other than Mr. Stokes any funds deriving from or arising in any manner related to his music catalogs;

3.     On each Cause of Action, compensatory and special damages according to proof offered and made at the time of trial;

4.     On each Cause of Action upon which punitive damages are legally allowable, an award of punitive damages sufficient to punish and make an example of the Defendants;

5.     On each Cause of Action upon which treble damages are legally allowable, an award of treble damages;

6.     An award of attorney fees and costs pursuant to California *Welfare & Institutions Code* section 15657.5;

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY

LAW OFFICES OF PAUL N. PHILIPS, APLC

7.      For pre-judgment and post-judgment interest on all damages awarded;

8.      For costs of suit as may be legally allowable;

9.      For such other and further relief as this Court may deem to be just and proper.


**LAW OFFICES OF PAUL N. PHILIPS, APLC**


Dated:  June 11, 2020          By:    /s/ Paul N. Philips
                                      PAUL N. PHILIPS, ESQ.
                                      Attorneys for Plaintiff
                                      MICHAEL STOKES


### JURY DEMAND

Mr. Stokes hereby demands trial of the within action by jury.


**LAW OFFICES OF PAUL N. PHILIPS, APLC**


Dated:  June 11, 2020          By:    /s/ Paul N. Philips
                                      PAUL N. PHILIPS, ESQ.
                                      Attorneys for Plaintiff
                                      MICHAEL STOKES

FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR TRIAL BY JURY